# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

DANIEL PATRICK DEGOTO,

    Plaintiff,

v.

GOVERNOR LARRY HOGAN,

    Defendant.

Civil Action No.: PJM-22-57

## MEMORANDUM

On February 22, 2022, Plaintiff Daniel Patrick Degoto was directed to file an amended complaint addressing the deficiencies noted in the Court's Order. ECF No. 3. Plaintiff filed an Amended Complaint on April 5, 2022, and a Supplement on April 13, 2022. ECF Nos. 8, 9. The Court is also in receipt of Plaintiff's correspondence submitted prior to and following the Amended Complaint. ECF Nos. 4-7, 10. Each of Plaintiff's filings will be addressed in turn.

### I.   Requests for Assistance

On March 16, 2022, Plaintiff filed correspondence indicating that he had not been able to access the law library. ECF No. 4 at 1. Plaintiff also requested that counsel be appointed to assist him and for the Court to Order the administration at his facility to grant him unlimited access to the law library. *Id.* at 2, 3. Thereafter on April 4, 2022, Plaintiff submitted correspondence stating that he was still waiting for requested photocopies and again requested assistance with these obstacles to comply with the Court's Order and for an extension of time to comply. ECF No. 7. Because Plaintiff has since filed his Amended Complaint, Plaintiff's requests for an extension of time shall be granted *nunc pro tunc* to April 8, 2022.

A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1),[1] is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *see also Branch v. Cole*, 686 F.2d 264 (5th Cir. 1982). There is no absolute right to appointment of counsel; an indigent claimant must present "exceptional circumstances." *See Miller v. Simmons*, 814 F.2d 962, 966 (4th Cir. 1987). Exceptional circumstances exist where a "pro se litigant has a colorable claim but lacks the capacity to present it." *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by *Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 298 (1989) (holding that 28 U.S.C. § 1915 does not authorize compulsory appointment of counsel).

Upon careful consideration of the motions and previous filings by Plaintiff, the Court finds that he has demonstrated the wherewithal to either articulate the legal and factual basis of his claims himself or secure meaningful assistance in doing so. The issues pending before the Court are not unduly complicated at this stage and Plaintiff may request extension of time if necessary as he has done here. Therefore, there are no exceptional circumstances that would warrant the appointment of an attorney to represent Plaintiff under § 1915(e)(1) at this time.

## II.     List of Documents and Attachments

On March 30, 2022, and April 1, 2022, the Court received two documents from Plaintiff styled as "List of Document and Attachment Sent to Courthouse." ECF Nos. 5, 6. The second filing appears to be, in part, duplicative of the first. The intent of the filing is not clear, but Plaintiff indicates that he intends to name Governor Larry Hogan, Lt. Governor Boyd K. Rutherford, Secretary Robert N. Neal, and several other individuals as defendants in this matter, attaching a

---

[1] Under § 1915(e)(1), a Court of the United States may request an attorney to represent any person unable to afford counsel.

list of names including a detective, Maryland State Attorneys, state court judges, federal judges and clerks, public defenders and private attorneys, media outlets, Inmate Grievance Office staff, as well as correctional and medical staff at Maryland Correctional Training Center ("MCTC"). ECF No. 5 at 1, 6-8. Otherwise, Plaintiff appears to provide a list of various documents that were submitted with his original complaint and the page number on which they appear. *See id.* at 1-3. The Clerk shall be directed to add as defendants the individuals named by Plaintiff in the Amended Complaint.

### III. Amended Complaint and Supplement

Plaintiff, who is incarcerated at MCTC, has requested permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). As directed, Plaintiff filed an Amended Complaint on April 5, 2022; thereafter he also filed a Supplement on April 13, 2022. ECF Nos. 8-9. The Amended Complaint, filed pursuant to 42 U.S.C. § 1983, has been reviewed by the Court with respect to the 28 U.S.C. §§ 1915(e)(2)(B) and 1915A criteria.

Plaintiff alleges that Governor Hogan, Lt. Governor Rutherford, Secretary Neal, Police Detective Krouch, State's Attorney Scott D. Shellenberger, and Assistant State's Attorneys Percy Wasserman, Dianna Abramowski, and Kim Metcalf contributed to the "accusation, conviction, [and] detention" of Plaintiff. ECF No. 8-2 at 7. Plaintiff states that Detective Krouch wrongly "accused" him of murder on August 19, 2017, and he was later falsely charged by the prosecutors for first-degree murder. *Id.* at 7-8; *see* ECF No. 9 at 2-4, 9. Plaintiff was convicted on March 29, 2019, in the Circuit Court for Baltimore County; Plaintiff submitted a post-conviction petition on December 11, 2020, presided over by Judge Colleen A. Cavanaugh. ECF No. 8-2 at 8. The petition was answered and contested by State's Attorney Shellenberger. *Id.* Plaintiff asserts that Judge Cavanaugh denied his request for default when the state did not timely file their response.

3

*Id.* at 9; *see* ECF No. 9 at 11-12. Furthermore, Plaintiff complains that Judge Cavanaugh postponed a hearing on the petition, refused to recuse herself from Plaintiff's case, and that she and Clerk Joe Stephon issued illegal orders on several occasions. ECF No. 9 at 25, 26-28, 31.

According to Plaintiff, Judge Judith Ensor ordered a psychological evaluation of Plaintiff at Clifton T. Perkins Hospital Center. *Id.* at 10. Plaintiff asserts that on March 22, 2018, James Hegarty and Annette Hanson issued their psychological evaluation. *Id.* at 9. He states that it excluded critical evidence of his psychological condition. *Id.* at 10. Furthermore, Plaintiff alleges that Judge Ensor disregarded background information regarding himself and the victim, including that the victim had been the aggressor, allowing him to be convicted of murder. ECF No. 9 at 16, 19-22.

During his post-conviction proceedings, Plaintiff states that his public defender, Elizabeth Hilliard, sabotaged his hearing. ECF No. 8-2 at 10-11. Judge Cavanaugh refused to dismiss the attorney for ineffective assistance of counsel but later substituted new appointed counsel. *Id.* at 11. Plaintiff filed complaints with the Maryland Attorney Grievance Commission against Hilliard and Shellenberger, which were blocked by Assistant Bar Counsel Lisa Piccinini and John Fucetola. *Id.* at 11. Similarly, Plaintiff asserts that his complaint to the Commission on Judicial Disability was thwarted by Director Tanya C. Bernstein. *Id.* at 12. Paul B. DeWolfe of the Office of the Public Defender also allegedly refused to address Plaintiff's complaints against attorney Hilliard. *Id.* at 12. Plaintiff's complaints of misconduct against the public defender and prosecutor were ignored by Judge Cavanaugh as well as Administrative Judges Ruth Jakubowski and Kathleen Cox. *Id.* at 13; ECF No. 9 at 35.

Additionally, Plaintiff states that on October 13, 2021, he filed a petition for writ of habeas corpus in this Court, which he contends was improperly dismissed by Judge Ellen Hollander. ECF No. 9 at 43-44.

Plaintiff alleges that MCTC Warden William Bohrer refused to address Plaintiff's complaints of misconduct on January 12, 14, and 28, 2022. ECF No. 8-2 at 12. He states that Officer T. Leach and Shannon Singleton unlawfully moving him to different housing units and removing his good conduct credits he had accumulated since 2017. *Id.* at 13. Additionally, Plaintiff states that Inmate Grievance Office Deputy Director Robin Woolford refused, through deceptive and confusing statements, to address his complaints of illegal practices at MCTC, specifically, his complaints of medical mistreatment. *Id.* at 11, 13.

Plaintiff also contends that on July 16, 17, 18, and 20, 2021, his blood pressure was rising due to newly prescribed medication from Dr. Nimely. *Id.* at 14. Plaintiff states that he sought a meeting with Dr. Nimely because of "suspicious behavior" by Nurse Elizabeth during one of his appointments. *Id.* at 14. Dr. Claudia Howard and Clinician Georgette Hughes failed to address his "severe emotional disturbance." *Id.* at 16. Plaintiff alleges that they said he had delusional thoughts and paranoia and disrespected his religious beliefs. *Id.* at 17.

Thereafter, Plaintiff outlines his theory of a "disturbing alphabetical name pattern," concerning the letter 'H' and the various people he asserts are part of a higher conspiracy. *Id.* at 17-19. Plaintiff then states various grievances with, and conspiracies undertaken by the victim related to his criminal proceedings. *Id.* at 19-23. Plaintiff asserts that Defendants Hogan, Rutherford, and Neil refused to intervene to stop his prosecution, correct the irregularities in his criminal case, or assist him with his various complaints filed with other administrative offices. *Id.* at 24, 30-31.

Plaintiff seeks to bring suit for violation of his right to access the courts, his First Amendment rights, his Fifth Amendment right to equal protection, his Sixth Amendment right to effective assistance of counsel, his Eighth Amendment right to be free from cruel and unusual punishment, his Fourteenth Amendment right to due process, and that Governor Hogan violated his oath of office. *Id.* at 25-26.

As relief, Plaintiff requests that this Court dismiss the "false charge" against him, overturn the orders issued regarding his post-conviction proceeding, to prosecute various defendants for their alleged crimes, and for monetary damages. *Id.* at 27-28.

### a. Judicial and Prosecutorial Immunity

For the reasons that follow, several of Plaintiff's claim cannot proceed. First, this cause of action cannot be maintained against Judges Ensor, Cavanaugh, and Hollander and Administrative Judges Cox and Jakubowski because it is prohibited by the doctrine of judicial immunity. *See Forrester v. White*, 484 U.S. 219, 226-27 (1988) ("If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits.").

The doctrine of judicial immunity shields judges from monetary claims against them in both their official and individual capacities. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam). Judicial immunity is an absolute immunity; it does not merely protect a defendant from assessment of damages, but also protects a judge from damages suits entirely. *Id.* at 11. An act is still judicial, and immunity applies, even if the judge commits "'grave procedural errors.'" *Id.* (quoting *Stump v. Sparkman*, 435 U.S. 349, 359 (1978)). Moreover, "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump*, 435 U.S.

6

at 355-56; *see Dean v. Shirer*, 547 F.2d 227, 231 (4th Cir. 1976) (stating that a judge may not be attacked for exercising judicial authority even if done improperly); *Green v. North Carolina*, No. 4:08-CV-135-H, 2010 WL 3743767, at *3 (E.D.N.C. Sept. 21, 2010).

Similarly, this action cannot proceed against the state prosecutors, State's Attorney Shellenberger and Assistant State's Attorneys Wasserman, Abramowski, and Metcalf. Maryland's States Attorneys are quasi-judicial officers who enjoy absolute immunity when performing prosecutorial, as opposed to investigative or administrative functions. *See Imbler v. Pachtman*, 424 U.S. 409 422-23 (1976). Absolute immunity is designed to protect judicial process; thus, the inquiry is whether a prosecutor's actions are closely associated with judicial process. *See Burns v. Reed*, 500 U.S. 478, 479 (1991) (citing *Imbler*, 424 U.S. at 423-23). The decision as to "whether and when to prosecute" is "quasi-judicial," and therefore, these defendants enjoy absolute immunity. *See Lyles v. Sparks*, 79 F.3d 372 377 (4th Cir. 1996).

Finally, Clerk Joe Stephon is also immune from suit. Absolute quasi-judicial immunity "extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir.1994). This doctrine of absolute quasi-judicial immunity has been further adopted and extended to court support personnel because of "'the danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts.'" *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir.1992) (quoting *Scruggs v. Moellering*, 870 F.2d 376, 377 (7th Cir.1989)). To determine if quasi-judicial immunity applies, this Court must consider: "(1) whether the official's functions are similar to those of a judge; (2) whether a strong need exists for the official to perform essential functions for the public good without fear of harassment and intimidation; and (3)

whether adequate procedural safeguards exist to protect against constitutional deprivations." *Howard v. Food Lion Inc.*, 232 F.Supp.2d 585, 594 (M.D.N.C. 2002) (citing *Ostrzenski v. Seigel*, 177 F.3d 245, 249 (4th Cir. 1999)). "[I]mmunity is vitiated only when the judicial officer acts in the clear absence of jurisdiction." *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987), citing *Stump v. Sparkman*, 435 U.S. 349 (1978). It is unclear from Plaintiff's allegations whether Joe Stephon is a law clerk to a circuit court judge or a clerk of the court. Regardless, as the wrongdoing alleged concerns the issuing of judicial orders, he is entitled to immunity and must be dismissed from this case.

### b. *Heck*-barred Claims

Plaintiff's claims against Governor Hogan, Lt. Governor Rutherford, Secretary Neil, and Detective Krouch regarding his state arrest and prosecution which challenge the validity of his conviction are also barred. In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that claims challenging the legality of a conviction are not cognizable in a 42 U.S.C. § 1983 action unless and until the conviction is reversed, expunged, invalidated, or impugned and complaints containing such claims must therefore be dismissed without prejudice. The Supreme Court affirmed this principle in *Muhammad v. Close*, 540 U.S. 749, 751 (2004), holding that where "success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." Plaintiff's allegations regarding his prosecution and conviction in state court, if allowed to proceed, will go to the validity of that criminal judgment. Unlike where criminal trial proceedings are ongoing or imminent, as in *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007), a judgment has been entered in this case. Accordingly, these claims will be dismissed without prejudice.

8

### c. 42 U.S.C. § 1983

At its core, a civil rights action under 42 U.S.C. § 1983 is directed to unlawful conduct under color of law. *See Owens v. Baltimore City State's Attorney Office*, 767 F.3d 379 (4th Cir. 2014). Section 1983 of 42 U.S.C. provides, in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Public defenders do not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. *Polk Cty. v. Dodson*, 454 U.S. 312, 453-54 (1981). Here, Plaintiff's allegation against public defender Elizabeth Hilliard concerning her actions as Plaintiff's counsel during his criminal prosecution and therefore was not acting under color of state law. Defendant Hilliard shall therefore be dismissed from this case.

Additionally, Plaintiff's allegations against public defender DeWolfe, Maryland Commission on Judicial Disability Director Tanya Bernstein, Maryland Attorney Grievance Commission Counsel Fucetola and Piccinini do not rise to the level of constitutional violations such that they may proceed under § 1983. Plaintiff generally states that these defendants did not adequately respond to complaints submitted to their various organizations regarding his counsel, but fails to plead any facts plausibly stating a constitutional violation.

### d. Correctional and Medical Defendants

Remaining are Plaintiff's claims against Defendants Woolford, Bohrer, Leach, Singleton, Elizabeth, Nimely, Howard, and Hughes, regarding his claims his claims of misconduct, revocation of his good time credits, and inadequate medical care. As complaints drafted by self-

9

represented plaintiffs are held to a less stringent standard than those drafted by attorneys, a plaintiff who submits an inartfully pled complaint that includes a potentially cognizable claim should have the opportunity to particularize the complaint to define the issues and to name proper defendants. *See Johnson v. Silver*, 742 F.2d 823, 825 (4th Cir. 1984). To comply with the Federal Rules of Civil Procedure, the complaint must contain at a minimum a short and plain statement of the claim that shows the plaintiff is entitled to relief and a request for relief, *see* Fed. R. Civ. Proc. 8(a), and also the names of each defendant, *see* Fed. R. Civ. Proc. 10(a). Additionally, under Rule 8(a), a pleading must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Under Rule 8(d)(1), each allegation in a complaint should be "simple, concise, and direct." A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action does not satisfy Rule 8's basic pleading requirements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Plaintiff shall be granted leave to file a second amended complaint on these claims alone. The second amended complaint shall not exceed 30 pages, excluding any documentation Plaintiff attaches as exhibits. In amending his complaint, Plaintiff must, to the best of his ability, state the date, time, and location of the relevant events; identify the alleged constitutional violations; provide a description of the actions taken or not taken by each individual which contributed to the constitutional violations; a description of what, if any, harm Plaintiff suffered; and the precise relief sought from the Court.

As a reminder: an amended complaint replaces the original complaint filed. The general rule is, "an amended pleading ordinarily supersedes the original and renders it of no legal effect." *Young v. City of Mt. Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) (quoting *Crysen/Montenay Energy*

*Co. v. Shell Oil Co.*, 226 F.3d 160, 162 (2d Cir. 2000) (noting exception for purposes of appellate review of claims dismissed in original complaint that were not included in amended complaint)). Therefore, the second amended complaint required by this Order must include all of the allegations against each of the defendants, so that the second amended complaint may stand alone as the sole complaint in this action which defendants must answer. Additionally, the second amended complaint must meet the requirements of this Order, or it may be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Plaintiff is forewarned that his right to file a complaint in federal court without first paying the filing fee ($402) will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B)(i)(ii) and 1915A(b)(1) as frivolous, malicious, or for failure to state a claim while he is incarcerated. *See* 28 U.S.C. § 1915(g).

Finally, the Court received further correspondence from Plaintiff on May 16, 2022, again stating that he is awaiting photocopies from the institution and therefore had to send the originals off his amended complaint. ECF No. 10 at 1. As Plaintiff must file a second amended complaint, the Court shall direct the Clerk to send Plaintiff a copy of his amended complaint for reference.

A separate Order follows.

5/25/22

PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE